PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| UNITED STATES DISTRICT COURT | District Eastern District of Louisiana | |
|---|---|---|
| Name of Movant Gelasio Raya | Prisoner No. 24509-034 | Case No. 95-00066-003 N(6) |
| Place of Confinement FCC-Medium P.O. Box 1032 Coleman, FL 33521-1032 | | |

UNITED STATES OF AMERICA v. Gelasio Raya

(name under which convicted)

**U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED APR - 1 2005
MOTION
LORETTA G. WHYTE
CLERK**

95-056

SECT. N

1. Name and location of court which entered the judgment of conviction under attack U.S. District Court
   for the Eastern District of Louisiana

2. Date of judgment of conviction October 23, 1995

3. Length of sentence _____ 240 Months

4. Nature of offense involved (all counts) _ 21 U.S.C. §841(a)(a); 21 U.S.C. §846 and 18 U.S.C. §2

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐     No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐     No ☒

   ___ Fee_____
   ___ Process_____
   X  Dktd_____
   ___ CtRmDep_____
   ___ Doc. No._____

9. If you did appeal, answer the following:

(a) Name of court _____ n/a _____

(b) Result _____

(c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐     No ☑

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____ n/a _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐     No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐        No ☐
(2) Second petition, etc.        Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self–incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one:   Petitioner's sentence imposed in violation of 5th and 6th amendments pursuant to Blakely v. Washington, 124 S.CT. 2531, 2537 (2004); United States v. Booker, 543 U.S.    160 L.Ed.2d 621 125 S.Ct.; Also, Shepard v. United States, No. 03-9168 (Supreme Court)

   Supporting FACTS (state *briefly* without citing cases or law)

   SEE ATTACHED MEMORANDUM OF LAW

B.    Ground two: _____

   Supporting FACTS (state *briefly* without citing cases or law) _____

C.    Ground three:_____

   Supporting FACTS (state *briefly* without citing cases or law) _____

D.    Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A. B. C. and D were not previously presented. state *briefly* what grounds were not so presented. and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐          No ☒

15. Give the name and address. if known. of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing _____UNKNOWN_____

_____

(b) At arraignment and plea ___UNKNOWN_____

_____

(c) At trial _____UNKNOWN_____

_____

(d) At sentencing _____UNKNOWN_____

_____

(e) On appeal _____

_____

(f) In any post—conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post—conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__March 28, 2005__
(Date)

_____
Signature of Movant

(7)

UNITED STATES DISTRICT COURT
DISTRICT OF EASTERN LOUISIANA

GELASIO RAYA,

    Petitioner,

vs.                        Case No. 95-00066-003

UNITED STATES OF AMERICA,

    Respondent.

_____/

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. §2255

COMES NOW the petitioner, Gelasio Raya, pro se, who moves this Honorable Court for an order to vacate, set aside, or correct sentence that was imposed by this court, pursuant to Title 28 U.S.C. §2255, where the sentence imposed is in violation of petitioner's due process right and in violation of the Fifth and Sixth Amendments of the United States Constitution. See Blakely v. Washington, 124 S.Ct. 2531; United States v. Booker, 543 U.S. ___ 160 L.Ed.2d 621, 125 S.Ct.; see also Shepard v. United States, No. 03-9168 (Supreme Court.)

## STATEMENT OF THE CASE

1.    Petitioner Gelasio Raya was indicted and charged of the offense(s) of 21 U.S.C. §841(a)(1), possession with intent to distribute a quantity of cocaine and Count Two, 21 U.S.C. §846, conspiracy to distribute cocaine and a schedule II aiding and abetting 18 U.S.C. §2.

1

2.   On October 23, 1995, petitioner Gelasio Raya pled guilty to the three (3) counts. 21 U.S.C. §841(a)(1); 21 U.S.C. §846, conspiracy; 18 U.S.C. §2, aiding and abetting.

3.   On January 24, 1996, petitioner Raya was sentenced to a term of imprisonment of 240 months as to Count Two of the superseding indictment, and 188 months on each of Count 3, 4, and 7, of the second superseding indictment, all terms to be served concurrently, after overruling petitioner's objection to the presentence investigation report (P.S.I.), calculation of his guideline score under U.S.S.G. §851 as a career offender and the amount of drugs.

## ARGUMENT IN SUPPORT OF THE PETITION

A.   THAT THE PETITIONER'S SENTENCE IMPOSED BY THIS COURT IS IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, PURSUANT TO BLAKELY V. WASHINGTON, 124 S.CT. 2531, 2537 (2004), UNITED STATES V. BOOKER, 543 U.S.___ 160 L.ED.2D 621, 125 S.CT. SEE ALSO SHEPARD V. UNITED STATES, NO. 03-9168 (SUPREME COURT).

The petitioner in this matter has certainly met the criteria as sought pursuant to Blakely v. Washington, 124 S.Ct. 2531, 2537 (2004), United States v. Booker, 543 U.S. ___160 L.Ed.2d 621, 125 S.Ct. See: Shepard v. United States, No. 03-9168, whereas his sentence is unconstitutional.

The Supreme Court has already held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi v. New Jersey,

2

530 U.S. 466, 490 (2000).

In deciding Blakely, it let the other foot drop and held over
pointed dissents that for "Apprendi purposes the maximum sentence
a judge may impose is solely on the basis of the facts reflected
in the jury verdict or admitted by the defendant. Blakely v. Wash-
ington, supra, at 4. In other words, the relevant "statutory max-
imum" is not the maximum a judge may impose without any additional
findings. When a judge inflicts punishment that the jury's verdict
alone does not allow, the jury has not found all the facts which
the law make essential to the punishment, and then the judge ex-
ceeds his authority."

The petitioner in this case asks that the court find that his
sentence imposed in his case is in violation of the Sixth Amend-
ment of the U.S. Constitution. The petitioner was sentenced to 240
months and 188 months on each of the additional counts of the super-
seding indicmtne concurrently based on an indictment that specified
that the amount of drugs was only a "detectable amount" and this
court held by a preponderance of the evidence that the amount to
have ranged in excess of 2.5 kilograms of cocaine. The P.S.I. re-
port recommended to this court that petitioner sold 2.5 kilograms
of cocaine per week for a two year period from early 1993 until
1995. (See P.S.I. Report). Based on the PSI report, petitioner
Rayas sold approximately 15,216 kilograms of cocaine. According to
the drug quantity table, 150 kilograms or more of cocaine has a
base offense level of 38. The qualification based on the facts
admitted by the defendant is critical. Nothing in Blakely and

3

Booker suggests that Congress cannot delegate to the Federal Sentencing Commission the authority to decree that possession with intent to distribute 658.5 grams of cocaine base shall be punished by a sentence of at least 360 months though the statutory minimum is only 10 years. All it cannot do under Booker is take away from the defendant the right to demand that the quantity be determined by the jury rather than by the judge, and on the basis of proof beyond a reasonable doubt.

The United States Constituion quarantees each defendant a trial by jury wherein a punishment is imposed until a jury determines the defendant guilty of a particular conduct beyond a reasonable doubt. U.S. Constitutional Amendments V, VI. At odds with the system that appears to allow a district court to sentence or punish the defendant based upon the conduct that is not admitted, or proved beyond a reasonable doubt. (Title ll of the Comprehensive Crime Control Act of 1984); U.S.S.G. Chapt. 1, Part A, intro, Comment (3).

In addition to a base sentencing range established by reference to the jury verdict alone, the guidelines prescribed ehhanced ranges based on sentencing factors that are determined by the judge after trial, by a perponderance of the evidence. U.S.S.G. Chapt. 1, Part A, Introduction, Comment (2) and (4)(a). In his dissent in Harris v. United States, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), Justice Thomas reminded us that due process requires that every fact necessary to constitute a crime must be found beyond a reasonable doubt by a jury if that right is not waived. Id. at 2424

(Thomas, J. Dissenting), citing, <u>In Re Winship</u>, 397 U.S. 364, 25
L.Ed.2d 368 90 S.Ct. 1068 (1970). Further, society has long re-
cognized an indispensable link between punishment and crime. <u>Harris</u>,
122 S.Ct. at 2424 (Thomas, J., dissenting), citing <u>Apprendi v. New</u>
<u>Jersey</u>, 530 U.S. 466, 478 120 S.Ct. 2348 (2000), "The defendant's
ability to predict with certaintly the judgment from the face of
the felony indictment flowed from the invariable linkage of pun-
ishment with crime". "Why, after all, would anyone care if they
were convicted of murder, as opposed to manslaughter, but for the
increase penalties for the former offense, which in turn reflect
t h.e greater moral approbrium society attaches to the act?" <u>Harris</u>,
122 S.Ct. at 2424 (Thomas J., dissenting). Exposing a defendant to
that higher degree of punishment requires that those circumstances
be charged in the indictment and proved beyond a reasonable doubt.
<u>Apprendi</u>, supra, 530 U.S. at 480.

    The Sentencing Guidelines violate this principle. For example,
the Guidelines provide a binding sentencing calculation, not based
on a jury verdict, but on a court's post-trial determination of a
defendant's "relevant conduct". Under it, ordinary crimes such as
perjury, subordination of perjury, escape, and obstruction of jus-
tice arguably become "relevant conduct" or "sentencing factors."
According to guideline's theorist, these semantics are enough to
exempt such criminal conduct from the provision of the Fifth and
Sixth Amendments of the United States Constitution even though a
person can be sent to prison for months and even years by proving
with "reliable information" (not trial quality evidence) to a

judge (not a jury) that it is more probably true than not true.
(not "beyond a reasonable doubt" (Not Crime)).

But the sentencing guidelines should not be used to accomplish
an "end-run" around the fundamental right to trial by jury, nor to
unsurp the role of the jury. If the jury finds a defendant guilty
of specific conduct, the district court should not be permitted
to use the sentencing guidelines to ignore that verdict, take the
jury's role...and to find responsibility for additional aggravating
conduct and punish based upon that extra-jury determination at a
standard lower than proof beyond a reasonable doubt. See Anderson
v. Fuller, 455  (Nothing that federal court should not unsurp the
function of a jury in finding facts). Recently, the Supreme Court
has begun to realize the fundamental defects in the way our jus-
tice system determines sentences for the criminal defendant in a
series of decisions. Apprendi v. New Jersey, 530 U.S. 466 (2000),
the Supreme Court held that "other than the fact of a prior con-
viction, any fact that increases the penalty for a crime beyond
the statutory maximum must be submitted to a jury and proved be-
yond a reasonable doubt." In Ring v. Arizona, 536 U.S. 584 (2002),
the Supreme Court clarified and reaffirmed this rule, stating that
the rule in Apprendi applies to any aggravating factors necessary
to expose a defendant to punishment beyond an otherwise mandatory
statutory limit. Id. After Apprendi, the various courts throughout
the country assumed the term "statutory maximum" as referred to
in Apprendi and Ring, was the maximum sentence set forth under
the statute listed in the indictment. The courts had assumed that

6

the term "statutory maximum" does not apply to the various sen-
tencing thresholds established under the Federal Sentencing Guide-
lines.

The Supreme Court's decision in Blakely, supra, changes that,
and indicates that the court's have been wrong, holding that "the
statutory maximum for Apprendi purposes is the maximum sentence a
judge may impose solely on the basis of the facts reflected in the
jury verdict or admitted by the defendant."

The Blakely and Booker decisions not only clarifies what was
meant by the term "statutory maximum" but as a result of that clar-
ification, call into question the constitutionality of current
sentencing practices in the federal courts. The court noted that
the rule announced in Apprendi reflected two long standing tenets
of common law criminal jurisprudence: That the truth of every ac-
cusation against the defendant should afterwards be confirmed by
a unanimous (jury verdict), and that an accusation which lacks any
particular fact which the law makes essential to the common law
and it is no accusation in reason." Cites omitted, Blakely, supra
at 2536. The court then noted the principle in American Jurispru-
dences that "every fact which is legally essential to the punish-
ment" must be charged in the indictment and proved to a jury be-
yond a reasonable doubt. Blakely, at 2537, n.5.

In the days following Blakely, the Supreme Court ruled in
United States v. Booker, 543 U.S.___ 160 L.Ed.2d 621, 125 S.Ct. for
Apprendi purposes is the maximum sentence a judge may impose solely

7

on the basis of the facts reflected in the verdict or admitted by the defendant. See also Ameline, 2004 U.S. App. Lexis 15031 (9th Cir. July 21, 2004)(same); United States v. Montgomery, 2004 U.S. App. Lexis 14384 (6th Cir. July 21, 2004)(opinion vacated for rehearing en banc, but held that "in order to comply with Booker and Blakely and the Sixth Amendment, the mandatory system of fixed rules calibrating by an indeterminate system..."); United States v. Jaamar, 2004 U.S. Dist. Lexis 13496 (Middle Dist. of Florida July 19, 2004)(applying the rationale in the now vacated Sixth Circuit case of United States v. Montgomery, supra, United States v. Medas, 2004 U.S. Dist. Lexis 12135 (E.D. N.Y. July 1, 2004); United States v. Einstman, slip op. 2004 WL 1576622 (S.D.N.Y. July 14, 2004); United States v. Shamblin, 2004 U.S. Dist. Lexis 12288 (S.D.W. Va. June 30, 2004)(Where the indictment failed to state a drug quantity and the defendant did not admit to the specific drug quantity in the plea agreement, the controlled substance quantity must be deemed to be the smallest amount prosecutable, reducing defendant's sentence from 240 months imprisonment to 12 months).

Under the circumstances, defendant may argue that compliance with the Sixth Amendment requires "any fact that increases the penalty for a crime beyond the prescribed statutory maximum" to be a reasoaable doubt." Apprendi, 530 U.S. at 490. The prescribed "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the verdict or admitted by the defendant. Blakely, at 2535. The jury verdict alone — or the defendant's admission alone — "must

authorize the sentence." Id. Therefore, the upper end of the ap-
propriate guideline range based on the facts proven to the jury
beyond a reasonable doubt, or admitted by the defendant, estab-
lishes the relevant statutory maximum for Apprendi purposes. See
United States v. Booker, 543 U.S. ___ 160 L.Ed.2d 621, 125 S.Ct.;
Shamblin, supra, (Where under the federal sentencing guidelines
drug amounts, enhancements based on a specific offense character-
istic, and upward departures all have the same effect—namely,
they all increase the maximum permissible sentence under the guide-
lines. A judge's reliance on such factors at sentencing is, there-
fore, unconstitutional. Id.

In the instant case, the petitioner Gelasio Raya, made ob-
jections to the the amount accountable to him prior to end, during
sentencing, based on the presentence investigation report (PSI Re-
port) on the base offense level and career criminal pursuant to
Title 851.

Therefore, based on the recent case of United States v. Booker,
543 U.S. ___ 160 L.Ed.2d 621, 125 S.Ct. (2005), the facts show
clearly that the indictment in this case failed to meet the govern-
ment's burden that the petitioner Raya is responsible and should
be held accountable for the amount as alleged in the PSI Report
with more than 2.5 kilograms, for that amount the petitioner was
arrested.

The petitioner Gelosio RAya therefore prays that this court
grant relief as sought in this motion to vacate, set aside or

9

correct the sentence or 240 months imposed by this court, and
sentence the petitioner according to <u>Booker</u>, supra.

Respectfully Submitted,

Gelasio Raya, Pro Se
Reg. No. 24509-034
FCC-Medium
P.O. Box 1032
Coleman, FL 33521-1032

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the
foregoing motion was mailed via first class mail on this _____
day of March, 2005, to Clerk of U.S. District Court, District
of Eastern Louisiana, C-151 United States Courthouse, 500 Camp
Street, New Orleans, LA 70130-3367.

Gelasio Raya, Pro Se

10

CERTIFIED MAIL

MAR 30 2005

Gelasio Rayo, #24509-034
Federal Correctional Complex-Medium
P.O. Box 1032

Clerk of Court
U.S. District Court
Eastern District of Louisiana
C151 U.S. Courthouse
500 Camp Street
New Orleans, LA 70130-3367

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

95-0066

**I. (a) PLAINTIFFS**
GELASIO RAYA

**(b)** County of Residence of First Listed Plaintiff:
**(Except in U.S.- Plaintiff Cases)**

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

**DEFENDANTS**
**UNITED STATES OF AMERICA**

County of Residence of First Listed Defendant:
**(In U.S. Plaintiff Cases Only)**
**Note:** In land condemnation cases, use the location of the tract of land involved.

Attorneys (If Known)

SECT. N

**II. BASIS OF JURISDICTION** (Place an "X" in one box only)

[ ] 1 U.S.Government Plaintiff
[X] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S.Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**
(For Diversity Cases Only)   (Place an "X" in one box for plaintiff and one box for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated & Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an "X" in one box only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (Specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (Place an "X" in one box only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability | **Personal Injury**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br><br>**Personal Injury**<br>[ ] 362 Personal Injury - Med. Malpractice<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**Personal Property**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21USC881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks & Banking<br>[ ] 450 Commerce/ICC Rates/etc.<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced & Corrupt Organizations<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/Accommodations<br>[ ] 444 Welfare<br>[ ] 440 Other Civil Rights<br>[X] 510 Motions to Vacate Sentence<br>[ ] 530 Habeas Corpus: General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt.Relations<br>[ ] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S.Plaintiff or Defendant)<br>[ ] 871 IRS - Third Party 26 USC 7609 | |

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## 28 USC 2255 - MOTION TO VACATE (NATURE OF SUIT: 510)

**VII. REQUESTED IN COMPLAINT:** Check if this is a **CLASS ACTION** [ ] under F.R.C.P.23   DEMAND $   CHECK YES only if demanded in complaint: **JURY DEMAND** [ ] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions:) Judge   Number

CIVIL ACTION

DATE   SIGNATURE OF ATTORNEY OF RECORD